## OLIVER,
*Appellant,*

*v.*

## MAJOR,
*Respondent.*

(L-81-3152, L-81-3153; CA A26659, A26660)
(Consolidated Cases)

672 P2d 1227

Lyle C. Velure, Eugene, argued the cause and filed the briefs for appellants.

Debra A. Dunn, Coos Bay, argued the cause for respondent. On the brief were Orrin R. Ormsbee and Ormsbee & Corrigall, Coos Bay.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

These are actions for personal injuries. Plaintiffs appeal from judgments on jury verdicts for defendant. They contend that the trial court erred in instructing the jury on the emergency doctrine when no evidence existed to support the giving of the instruction and in failing to reinstruct the jury omitting the emergency instruction after it was withdrawn by defendant. We affirm.

Although they make two assignments of error, plaintiffs' primary contention is that the trial court erred in failing to reinstruct the jury after it had given an instruction that defendant's attorney and the trial court agreed was erroneous.

Plaintiffs correctly assert that they timely excepted to the trial court's instruction. *See* ORCP 59H. Defendant's attorney stated that the instruction had been included inadvertently in his requested instructions. The following colloquy then occurred:

"MR. VELURE [plaintiffs' counsel]: We would respectfully except to the Court's giving the right-of-way instruction for the reasons we have previously stated. We feel it's abstract and the evidence does not support the submission of that specification of contributory negligence.

"Likewise, we would respectfully except to the Court's submission and instructing on the other specification of contributory negligence in the John Oliver case, and these last two exceptions are only in the John Oliver case. The emergency-

"THE COURT: Yes, I understand. They apply to both cases.

"MR. VELURE: On the ground that we feel it's abstract and the evidence does not support it.

"THE COURT: Fine, you may have those exceptions.

"MR. ORMSBEE [defendant's counsel]: Your Honor, the only exception I would have would be I don't recall the Court advising the jury that the same nine have to answer each of the questions.

"THE COURT: Well, I didn't.

"MR. ORMSBEE: And I don't know that that's — if that's a problem.

"THE COURT: That has its problems, all right, but —

"MR. ORMSBEE: And I would request we poll the jury when they —

"THE COURT: Yeah, I will certainly do that, and I think probably it's proper — that same nine thing bothers me in some instances but I think it's proper that they be instructed, in that respect, and I will bring them back in and do that.

"MR. ORMSBEE: And I would withdraw the requested instruction of emergency if the Court wanted to.

"THE COURT: Well, I have rung a bell on it. I will tell them to disregard it but I think I would just ring the bell a second time if I do it.

"MR. ORMSBEE: It was an oversight. I know we ended up requesting that and it was a mistake from my point of view.

"THE COURT: I have the feeling it's not going to have any effect upon the verdict but —

"MR. VELURE: I have no objections, Your Honor, if you just wanted to go into the jury room with the reporter and tell them the same nine have to agree —

"MR. ORMSBEE: I wouldn't object to that. I think it might be more expeditious.

"MR. VELURE: I don't even think we need a record on it. As far as the parties are concerned I think we can stipulate the Court can just go into the jury room and tell them.

"THE COURT: I will tell them that and —

"MR. ORMSBEE: Absolutely.

"THE COURT: All right, then that will take care of that problem. I won't mention the emergency one, though, however."

The trial court proposed a procedure designed to cure any error, and plaintiffs acquiesced. They did not object to the proposed procedure, nor did they renew their request that the jury be reinstructed.

"* * * [A]ppellate courts require a litigant to make known his objection in the lower tribunal in order to urge the objection on appeal. The purpose of this rule is to allow the tribunal to correct any error and obviate the necessity of reversal and remand for additional proceedings." *Bentley v. SAIF,* 38 Or App 473, 479, 590 P2d 746 (1979).

*See also State v. Linthwaite,* 295 Or 162, 175, 665 P2d 863 (1983) (parties restricted on appeal to claims presented to trial court).

Plaintiffs voiced no objection to the judge's statement that he would not mention the emergency instruction to the jury in his reinstruction. They cannot now be heard to complain. *See Allan & Leuthold, Inc. v. Terra Investment Co.,* 271 Or 335, 337-38, 532 P2d 218 (1975) (failure to object to court's procedure for disposing of claims constitutes waiver for purposes of appellate review.)

Affirmed.